## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

---

MICHAEL RECH,

              Plaintiff,

      -vs-

ALDEN CENTRAL SCHOOL DISTRICT and
SCOTT PAYNE, AKRON CENTRAL SCHOOL
DISTRICT, TODD ESPOSITO, MARISSA
VUICH, ERIE 1 BOCES, and MELISSA METZ,
*in their individual an official capacities, as
well as other unknown employees of the
Alden Central School District, Akron Central
School District, and Erie 1 BOCES,*

              Defendants.

                                            DECISION AND ORDER

                                            16-CV-6207-CJS

---

### APPEARANCES

For Plaintiff:                                  Michael Rech, *pro se*
                                            5 Hilltop Drive
                                          North Chili, NY 14514

For Defendants:                           Kevin T. O'Brien, Esq.
                                            Webster Szanyi, LLP
                                            424 Main Street Suite 1400
                                            Buffalo, NY 14202

### INTRODUCTION

**Siragusa, J.** This civil rights action against two school districts, the Board of Coopera-

tive Educational Services ("BOCES") and individual employees of those entities is before the

Court on Defendants' motion to dismiss the complaint for failure to state a cause of action

and lack of jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b). Following a brief-

ing on the motion, Plaintiff's response, and oral argument, for the reasons stated below, the

Court grants the application.

BACKGROUND

Plaintiff filed his complaint with the Court on March 31, 2016, ECF No. 1, and filed several affidavits showing he mailed the complaint to Defendants. Affidavit of Mailing, Apr. 6, 2016, ECF No. 2. Instead of answering, Defendants filed a motion to dismiss on June 1, 2016, ECF No. 6. The Court issued a motion scheduling order directing Plaintiff to respond by June 23.

Plaintiff wrote to the Court on June 22, 2016, asking for an extension of time to respond to Defendant's motion to dismiss and to keep the argument date as scheduled on September 14. Since he did not specify how much time he needed, the Court, through its law clerk, sent an inquiry via email to Plaintiff on June 29, who responded in an email dated July 1, that he would like until August 1, 2016. On July 19, 2016, the Court entered a Text Order on the docket granting the extension until August 1, and directed Defendant to file any reply by August 12, but, pursuant to Plaintiff's written request, oral argument remained scheduled for September 14, 2016.

However, on July 18, 2016, Plaintiff filed what he titled Response to Motion, ECF No. 9. In his response, Plaintiff recites the correspondence history which the Court has recited above, and complains that he received "no reply or correspondence" from the Court or the law clerk. He does not state that he did not receive the Court's text order, which, according to the Clerk's docket, was mailed to him at 5 Hilltop Drive, North Chili, New York on July 19.

The Court is required to "accept as true all factual allegations in the complaint and draw all reasonable inferences" in favor of the *pro se* Plaintiff and interpret his complaint liberally, all of which the Court has done. *Cruz v. Gomez*, 202 F.3d 593, 596 (2d Cir. 2000). Nevertheless, "conclusory allegations of a due process violation are insufficient" to state a cause of action. *Id*. at 597.

In his complaint,[1] Plaintiff makes the following factual allegations:

7. The defendant's [sic] intentionally and maliciously inflicted upon Mr. Rech's minor son (LR, DOB 2009). Damages suffered by the Mr. Rech and his son when members of the Erie 1 BOCES program (under the auspices of Alden and Akron School Districts) falsely, with malice and without probable cause commenced and/or initiated bullying along with sexual, mental, and physical abuse against the plaintiff's son. Additionally, the defendant's intentional actions resulted in continued abuse (sexual, mental, and physical), improper practices, harassment, failure to prevent bullying, and unreasonable punishments against plaintiff's son.

8. The defendant's [sic] negligence in the lack of an opportunity for a proper public education for LR that is safe, appropriate, and free of bullying and abuse.

9. On or about January 13, 2015 plaintiff became aware to the intentional and willful acts of the defendants to strip LR, against his free will, down to his underwear in the classroom and change his clothes for no reason, only on the days plaintiff was to pick LR up at Akron Elementary School location for Erie 1 BOCES Program. On or about this date, the plaintiff also became aware that these actions were ongoing in previous weeks leading up to such date of awareness.

10. On or about January 27, 2015 plaintiff's son had no underwear on when he was picked up at the Akron Elementary School location, by the plaintiff. It was indicated that the plaintiff's son had to go to the bathroom but the instructor did not allow him to go to the bathroom and LR was forced to urinate in his pants.

11. The plaintiff was refused any and all information relating to the above captioned claims by the defendants. These claims were verbally verified by the defendants as having occurred. Additionally, plaintiff's written requests for such information were completely ignored. No preventive measures or assurances were implemented to prevent ongoing intentional and/or malicious actions of continued future abuse (sexual, mental, and physical), improper practices, harassment, failure to prevent bullying, and unreasonable punishments against plaintiff's son by defendants.

12. Only on or about March 16, 2015 plaintiff became aware of damages to LR as relayed by defendants via telephone call: "since January 2015 LR has lashed out with negative behaviors and his independence has decreased."

13. On or about July 13, 2015 plaintiff became aware and confirmed the intentional and willful acts of the defendants by their legal counsel at a 50-H

---

[1] The operative pleading is Plaintiff's amended complaint, filed by Order of the Court to ensure compliance with Fed. R. Civ. P. 5.2.

hearing in regards to the March 26, 2015 Notice of Claim. On or about July 13, 2015, it was clear that neither the defendants nor their legal counsels were not going to comply with plaintiff's legal requests for documents, records, and information pertaining to his minor son.

14. On or about July 29, 2015 plaintiff verbally requested to review any and all Erie 1 BOCES documents, forms, curriculums, etc. pertaining to plaintiff's son and was refused. Additionally, plaintiff requested to visit and partake in BOCES program and was refused, contrary to previous information provided.

15. The plaintiff was refused any and all documents and information relating to the plaintiff's son. Additionally, plaintiff's written and verbal requests for such documents and information were completely ignored by the defendants and their respective legal counsels. Defendant's [sic] malicious and illegal actions of continued abuse, improper practices, harassment, and retaliation towards plaintiff for exercising his rights.

16. The plaintiff's legal requests for documents, records, and information pertaining to his minor son are vital for his son's development, growth, educational progress, well-being and safety. All requests for documents and information pertaining to his minor son by the plaintiff for the past fourteen (14) months have been ignored, this action by the defendants violates New York State laws, constitutional parental rights, and the Monroe County Supreme Court order.

17. The defendants were negligent by willfully and intentionally lying to the court ordered expert by adamantly denying the existence of the abuse and that they were not aware of such claims.

18. In addition, the plaintiff and the plaintiff's son suffered emotional trauma, embarrassment, humiliation, mental anguish, and fear of the defendants.

Amended Compl. ¶¶ 7–18.

    In their motion to dismiss, Defendants make the following arguments: (1) the constitutional claims against Defendants must be dismissed because plaintiff has failed to allege that their actions were the proximate cause of a constitutional violation; (2) Plaintiff lacks standing to pursue his constitutional claim; (3) the constitutional claims against the school district defendants and the individual defendants in their official capacity must be dismissed for failure to assert a municipal policy or custom; (4) the individual defendants' actions are

protected by qualified immunity; and (5) defendants are entitled to immunity from any state law claims, as the conduct alleged relates to discretionary determinations.

In his opposition, Plaintiff makes the following arguments: (1) Defendants have not served of filed an answer with affirmative defenses; (2) It is my understanding that the Defendant's Notice of Motion (which is not identified properly) in its entirety was served and filed outside the confines of Rule 4 and 12 of Federal Rules of Civil Procedure; and (3) The sole nature of the above captioned complaint is that a tort arose while LR was at Akron Schools under the direct auspices of Erie 1 BOCES. Attached to his response are several exhibits, primarily correspondence between Plaintiff and the school.

## STANDARDS OF LAW

### *Fed. R. Civ. P. 12(b)(6)*

The general legal principles concerning motions under Rule 12(b)(6) are well settled:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also, ATSI Communications, Inc. v. Shaar Fund, Ltd*., 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (*quoting Bell Atl. Corp. v. Twombly*) (footnote omitted).

When applying this "plausibility standard," the Court is guided by "two working principles":

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss, and determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations and internal quotation marks omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citation omitted). "The application of this 'plausibility' standard to particular cases is 'context-specific,' and requires assessing the allegations of the complaint as a whole." *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Medical Centers Retirement Plan v. Morgan Stanley Inv. Management Inc*., 712 F.3d 705, 719 (2d Cir. 2013) (citation and internal quotation marks omitted).

### Fed. R. Civ. P. 12(b)(1)

With regard to the 12(b)(1) application, the standard to be applied in pertinent part is as follows:

> In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction. But where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits. In that case, the party asserting subject matter jurisdiction "has the burden of proving by a preponderance of the evidence that it exists.

*Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (citations and internal quotation marks omitted). In the instant case, Defendant is not challenging Plaintiff's factual assertions pertaining to subject-matter jurisdiction, but rather, is chal-

lenging the legal sufficiency of those allegations.[2] In other words, Defendant maintains that even assuming the truth of Plaintiff's factual allegations, this Court lacks jurisdiction. Consequently, when evaluating Defendant's 12(b)(1) motion, the Court must accept the allegations in Plaintiff's complaint and draw all reasonable inferences in Plaintiff's favor.

### Section 1983

Title 42 U.S.C. S 1983 provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.  In order to state a claim under § 1983, a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Dwares v. City of New York*, 985 F.2d 94, 98 (2d Cir. 1993).

### Consideration of documents outside the pleadings

As the Second Circuit stated, "[f]or purposes of a motion to dismiss, we have deemed a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference…and documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit…." *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (citation omitted). Thus, the Court will employ the same rule in examining the 50-h hearing transcript relied upon by the parties here.

---

[2] "In a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the defendant may challenge either the legal or factual sufficiency of the plaintiff's assertion of jurisdiction, or both." *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 140 (2d Cir. 2001) (citations omitted).

ANALYSIS

***Procedural Issues***

The Court rejects Plaintiff's argument that Defendants' have not filed an answer. Rule 12 permits Defendants to raise defenses by *either* filing an answer or filing a motion, which they have done. With regard to service of the motion papers, the Clerk's docket reflects the were sent to Plaintiff at 5 Hilltop Drive, North Chili, New York sometime on June 1, 2016, the date they were filed with the Court. In his reply affidavit, Kevin T. O'Brien, Esq., stated that although a cover letter included with the motion papers was misaddressed, the envelope in which the papers were sent was properly addressed to Plaintiff, as acknowledged by Plaintiff in his June 22 letter to the Court. Further, the papers were sent again to Plaintiff on June 27 and Plaintiff does not dispute receipt of that set of papers.

The Court notes that Plaintiff did not file proof of service of his complaint or amended complaint in compliance with Federal Rule of Civil Procedure 4. That Rule incorporates New York's service provisions and requires personal service unless "when the two methods of obtaining personal service common to the state and federal rules has proven fruitless." *Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir. 1972). Here, Defendants have, by filing the motion, essentially acknowledged actual notice of the lawsuit and have not moved to dismiss for failure of service. Consequently, the time limits in Rule 5 for filing an answer, or motion in lieu of an answer, were not invoked. Thus, the filing of Defendants' motion beyond the time normally permitted by Rule 12(a) is of no consequence. Turning now to Defendants' arguments, the Court will address them in sequence.

***The constitutional claims against the defendants must be dismissed because plaintiff has failed to allege that their actions were the proximate cause of a constitutional violation.***

Construing Plaintiff's complaint liberally, as the Court must, it appears Plaintiff is claiming that Defendants denied his minor son, L.R., a free and appropriate public education. The United States Constitution does not guarantee an education, but the New York Constitution does. N.Y. Const. Art. 11, s. 1. Plaintiff has not alleged how Defendants are violating his, or his son's, federal constitutional rights, or his or his son's rights under a federal law.[3]. Accordingly, his complaint is subject to dismissal on that basis.

***Plaintiff lacks standing to pursue his constitutional claim.***

Federal courts are courts of limited jurisdiction. In order to maintain a case in federal court, a plaintiff must allege he has standing to pursue the claims alleged in his complaint. The Supreme Court set out the standing requirements in *Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992), writing:

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, ... and (b) "actual or imminent, not 'conjectural' or 'hypothetical,'" .... Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." .... Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision...."

*Lujan*, 504 U.S. at 560–61 (internal citations omitted). "If plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim." *Cent. States Se. & Sw. Areas Health and Welfare Fund v. MerckMedco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005).

---

[3] The Court cannot construe any claim under the Individuals with Disabilities Education Act ("IDEA") since Plaintiff has not alleged that his child is disabled. 20 U.S.C. § 1400 *et seq.*

As the Court has found, Plaintiff's complaint does not allege any federal constitution-al claims, or any claims based on federal law. Plaintiff's complaint refers to the 50-h examination conducted under a state law requirement. Amend. Compl. ¶ 13. In that transcript, Plaintiff admitted that he is the non-custodial parent of L.R. and that his ex-wife, Jennifer, has final say on all educational decisions for L.R. 50-h Transcript 63:3–9. Under New York law, therefore, Plaintiff does not have standing to sue the schools regarding L.R.'s educational needs.

This issue of decision-making for the child of divorced parents was addressed by the New York Court of Appeals in *Feuntes v. Board of Educ. of City of New York*, 12 N.Y.3d 309 (2009). There, the Court of Appeals wrote:

> This case presents an issue unanswered by *Taylor*—namely, whether a non-custodial parent has the right to initiate a hearing under the IDEA where the New York divorce decree and custody order grant exclusive custody to the custodial parent but are silent as to who has the authority to make decisions concerning the child's education....
>
> It is now well settled in the Appellate Division that, absent specific provisions in a separation agreement, custody order, or divorce decree, the custodial parent has sole decision-making authority with respect to practically all aspects of the child's upbringing....

*Fuentes*, 12 N.Y.3d at 313 (internal citations omitted).

In *Taylor v. Vermont Dep't of Educ.*, 313 F.3d 768 (2d Cir. 2002), the United States Court of Appeals for the Second Circuit held that the issue of standing is dependent on the state law with regard to which parent of a divorce has been given the authority to make school decisions for the child of the divorced parents. In that case, the plaintiff was not the parent given authority to make school decisions by the Vermont court during the divorce proceedings; therefore, the Second Circuit concluded the plaintiff lacked standing. Further,

the Second Circuit concluded that the plaintiff also did not have standing to sue for access to school records for his child. Similarly, here, Plaintiff lacks standing.

### *The constitutional claims against the school district defendants and the individual defendants in their official capacity must be dismissed for failure to assert a municipal policy or custom*

Municipalities are not subject to suit under § 1983 for constitutional violations under the theory of *respondiat superior*. *Monell v. Dep't of Soc. Svcs. of City of New York*, 436 U.S. 658 (1978). In order to sue the individual defendants in their official capacities or the school districts, Plaintiff must allege that "the challenged acts were performed pursuant to a municipal policy or custom...." *Patterson v. Cty. of Oneida, N.Y.*, 375 F.3d 206, 226 (2d Cir. 2004) (citations omitted). Plaintiff has not done so here, thus his complaint against those entities is subject to dismissal.

### *Defendants are entitled to immunity from any state law claims, as the conduct alleged relates to discretionary determinations.*

Finally, Defendants argue that even if Plaintiff's complaint is construed as raising a state law claim of negligence, they should not be held liable under the theory promulgated in *McLean v. City of New York*, 12 N.Y.3d 194, 202, (2009), where the Court of Appeals held, "discretionary municipal acts may never be a basis for liability, while ministerial acts may support liability only where a special duty is found." Inasmuch as the Court does not find any Federal claims in the complaint, it declines to exercise jurisdiction over any state claims pursuant to 28 U.S.C. § 1367(c).

### CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted in its entirety. The Clerk is directed to enter judgment for Defendants. The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in

good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

Dated:   October 3, 2016
         Rochester, New York          ENTER:

                                      /s/ Charles J. Siragusa
                                      CHARLES J. SIRAGUSA
                                      United States District Judge